```
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
KEVIN B. FINN (Cal. Bar No. 128072)
Assistant United States Attorney
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-2574
        Facsimile: (213) 894-7819
        E-mail: kevin.finn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff[s], <br><br> v. <br><br> SOUTHERN CALIFORNIA EDISON COMPANY and Does 1 to 10, <br><br> Defendants. | No. CV 20-11020 <br><br> COMPLAINT (1) NEGLIGENCE; (2) VIOLATION OF CALIFORNIA HEALTH AND SAFETY CODE §§ 13007-13009.1; (3) CAL. PUBLIC RESOURCES CODE §§ 4435 AND 4421, AND 36 C.F.R. § 261.5; (4) TRESPASS BY FIRE; AND (5) INTEREST AND PENALTIES <br><br> DEMAND FOR JURY TRIAL |

Plaintiff, United States of America, alleges as follows:

**PARTIES**

1.  Plaintiff United States of America ("United States") is the federal government, and brings this action on behalf of the United States Department of Agriculture, Forest Service ("Forest Service"), an agency and instrumentality of the

1

United States. Plaintiff United States, as sovereign, owns National Forest System lands in Ventura County that are under the supervision, control, administration, and protection of the Forest Service.

2. Defendant Southern California Edison Company ("SCE") was and is a public utility organized and existing under the laws of the State of California, including but not limited to relevant sections of the Public Utilities Code.

3. Doe Defendants 1 to 10 are individuals and entities, including parents and subsidiaries of the named Defendants, whose identities are currently not known and who are responsible for the damages caused to Plaintiff as alleged herein.

## JURISDICTION AND VENUE

4. This action arises under Federal and California law, including Federal and California common law, California Health and Safety Code §§ 13007-13009.1, California Pub. Res. Code §§ 4293, 4421 and 4435, California Public Utilities Code §§ 451 and 2106, California Civil Code §§ 1714(a) and 3287, Title 36 Code of Federal Regulations 261.5 and 261.10, and 31 U.S.C. §§ 3711 and 3717, for damages the United States incurred in connection with the "Thomas Fire", which ignited on private land and spread onto National Forest Systems lands in Ventura County, California.

5. The jurisdiction of this court is invoked under 28 U.S.C. § 1345 in that the plaintiff herein is the United States of America.

6. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the events giving rise to Plaintiff's claims occurred in the Central District of California, Defendant SCE has its principal place of business within the Central District and all Defendants are doing business within, and have sufficient contacts with, the Central District of California.

## GENERAL ALLEGATIONS

7. The Thomas Fire ignited on December 4, 2017, on private land and spread onto National Forest Systems lands within the Los Padres National Forest in Ventura County, California.

8. Forest Service Investigators determined that the Thomas Fire ignited when power lines (conductors) SCE owned, maintained and operated made contact with each other during a high wind event, causing heated material to ignite dry vegetation below the conductors. There was a red flag warning issued prior to the fire. The resulting wildland fire burned, damaged and destroyed approximately 181,333 acres of the Los Padres National Forest, between Santa Paula and Santa Barbara.

9. The SCE downed power lines were part of an electrical distribution and transmission system, which includes but was not limited to, hardware, fixtures, devices, poles, structures, components, power stations and substations, easements and rights-of-way, and which SCE owned, designed, constructed, installed, inspected, maintained, and/or controlled.

10. SCE had non-delegable statutory and regulatory duties to properly inspect and maintain its power lines to ensure that they were safe and clear from dangerous conditions. Specific non-delegable duties are set forth in California Public Resources Code § 4293 and regulations promulgated thereunder, and contained in General Order 95.

11. The energized power lines which ignited the Thomas Fire are a "device which may kindle a fire" within the meaning of California Public Resources Code § 4435.

12. Pursuant to California Public Resources Code § 4435, the ignition of the Thomas Fire is *prima facie* evidence of Defendants' negligence in the maintenance, operation, or use of the power lines.

13. DWP violated laws and regulations in its operation, inspection, maintenance and repair of its power equipment, and such violations caused the Thomas Fire.

14. On information and belief, Doe Defendants 1-5 are employees, agents, contractors or sub-contractors of Defendant, and are responsible for causing the Thomas Fire and Plaintiff's damages.

15. Causing timber, trees, brush, or grass to burn except as authorized by permit

3

1  is prohibited by law, including 36 C.F.R. § 261.5(c) and California Public Resources
2  Code § 4421.  Ignition of the Thomas Fire was not authorized by permit or by the United
3  States. Carelessly or negligently causing a fire that is not a prescribed fire that damages
4  the National Forest System is prohibited by 36 C.F.R. §§ 261.5.

16. The Forest Service suppressed the Thomas Fire at substantial cost to the United States. As a result of its efforts to extinguish the Thomas Fire, the Forest Service sustained suppression costs and rehabilitation costs in excess of $100 million.

17. The damages to the United States include, but are not limited to: mitigation, rehabilitation and reforestation of burned areas; loss of and damage to timber, habitat, wildlife, watershed and earth protection; scenic and aesthetic values, and views; environmental damages, loss of use and recreation; soil damage and erosion.

18. The Forest Service has made demand on SCE for payment of the costs and damages incurred by the United States to suppress the Thomas Fire and undertake emergency rehabilitation efforts.  SCE has not paid any part of the sum demanded by the United States.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Negligence – Against All Defendants)**

19. Plaintiff realleges paragraphs 1 through 18, inclusive, as though fully and completely set forth herein.

20. At all times relevant to this action, SCE breached its duty of care and was negligent in causing the Thomas Fire, including, but not limited to, its failure to construct, maintain and operate its equipment and power lines in a safe and effective working order prevent fires and damage to the land and property of adjacent landowners, including the United States.

21. Amongst other acts and/or omissions, SCE breached its duty to use due care and caution in the design, construction, and maintenance of the SCE equipment and power lines in the area of the origin of the Thomas Fire adjacent to the Los Padres

National Forest.

22. SCE violated its general, statutory and regulatory duties by failing to properly construct and maintain its equipment and power lines, including in accordance with the requirements of General Order 95, maintain proper vegetation clearance around and below its power lines, and using a device, including its power lines and equipment, which may cause a fire and failure to take reasonable precautions to avoid starting and spreading a fire.

23. Plaintiff and/or its constituent citizens are one of the classes of persons that California Public Resources Code §§ 4292, 4293, and 4294, California Public Utilities Code § 451, General Order 95, including but not limited to Rules 31.1, 31.2 and 35 promulgated by the California Public Utilities Commission, and California Health and Safety Code § 13001 was intended to prevent. SCE's violation of such provisions constitutes *negligence per se* and was a substantial factor in causing the United States' damages as alleged herein. SCE is liable for such damages, in an amount to be proven at trial.

24. Defendant's negligent acts, omissions, and violations of law caused the Thomas Fire to ignite and proximately caused the damages the United States sustained.

25. Defendant is responsible for all costs and damages caused by its own negligence, including those under common law and California Civil Code § 1714.

25. Defendant's negligence, on its own and through its agents and employees, was the proximate cause of the Thomas Fire.

27. As a result of Defendant's negligence, the United States incurred damages in an amount to be established at trial. Defendant is liable for such damages.

## SECOND CLAIM FOR RELIEF

**(Cal. Health & Safety Code §§ 13001, 13007-13009.1,**

**and California Civil Code § 3287 – Against All Defendants)**

28. Plaintiff realleges paragraphs 1 through 27, inclusive, as though fully and completely set forth herein. On or about December 4, 2017, Defendant negligently

5

1 and/or in violation of law, ignited the Thomas Fire, thereby setting fire to or allowing
2 fire to be set to National Forest System lands within the Los Padres National Forest.

3     29.     The Thomas Fire destroyed property of the United States, and caused the
4 United States to incur fire suppression costs, rehabilitation costs, resource damages, and
5 other damages, including damages to the environment, to be established at trial.

6     30.     Defendant is liable for all damages to the United States resulting from the
7 Thomas Fire, including without limitation, its fire suppression costs, damages for injury
8 to federal property, and the United States' administrative, investigative, accounting, and
9 collection costs, under California Health & Safety Code §§ 13001, 13007-13009.1, and
10 California Civil Code § 3287, in an amount to be established at trial.

**THIRD CLAIM FOR RELIEF**

**(Cal. Public Resources Code § 4435 – Against SCE and Frontier)**

13     31.     Plaintiff realleges paragraphs 1 through 30, inclusive, as though fully and
14 completely set forth herein.

15     32.     Pursuant to California Public Resources Code § 4435, the origination of the
16 Thomas Fire from SCE's operation and/or use of the power lines adjacent to the Los
17 Padres National Forest is *prima facie* evidence of SCE's negligence in the maintenance,
18 operation, or use of their equipment and power and communication lines. SCE's
19 negligence was a substantial factor in proximately causing the damages the United States
20 sustained as a result of the Thomas Fire.

21     33.     As a result of SCE's negligence, the United States incurred damages in an
22 amount to be established at trial. SCE is liable for such damages.

**FOURTH CLAIM FOR RELIEF**

**(Trespass by Fire – Against All Defendants)**

25     34.     Plaintiff realleges paragraphs 1 through 33, inclusive, as though fully and
26 completely set forth herein.

27     35.     On or about December 4, 2017, Defendant negligently and/or in violation of
28 law, ignited the Thomas Fire on private land, and it spread onto the Los Padres National

1 Forest, thereby setting fire to or allowing a fire to be set to National Forest System lands.

2   36.   The Thomas Fire damaged and destroyed property of the United States, including causing damage to approximately 181,333 acres of National Forest System lands on the Los Padres National Forest in Ventura County.

    37.   As a result of the Thomas Fire's trespass upon the National Forest System lands, the United States has incurred damages in an amount to be established at trial, including but not limited to fire suppression costs, costs to rehabilitate the area, wrongful injury to plaintiff's trees, timber and vegetation damage, the costs for reforestation of the area, environmental damages, damages to the habitats of wildlife in the area. Defendant is also liable to Plaintiff for wrongful injury to its timber, trees and underwood pursuant to California Civil Code § 3346. Defendant is liable for such damages.

## FIFTH CLAIM FOR RELIEF

### (Interest and Penalties)

    38.   The United States reasserts and realleges, as if fully set forth herein, paragraphs 1 through 37 inclusive, as though fully and completely set forth herein.

    39.   Pursuant to California Health and Safety Code §§ 13009 and 13009.1, and Title 31, United States Code, § 3717, the United States is entitled to recover its administrative, investigative, accounting and collection costs, as well as interest and late payment charges, in addition to its resource damages and fire suppression costs arising from the Thomas Fire.

    40.   The United States has demanded that SCE pay the costs and damages incurred by the United States due to the Thomas Fire. Defendant has not paid any part of the sum Plaintiff demanded.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays to the Court:

1.   For damages in an amount to be determined at trial against Defendant for fire suppression costs, resource damages and other recoverable costs and damages arising from the Thomas Fire (including, but not limited to, the costs of rehabilitation,

restoration and reforestation of the burned areas, wrongful injury to Plaintiff's trees, loss of timber and vegetation, loss of habitat and environmental damages, damage to the soil, and loss of use, scenic views, aesthetic values as proven at trial), investigation costs and administration costs, plus interest and penalties, in an amount to be determined at trial as allowed under the law;

    2.    For double or triple damages for wrongful injury to Plaintiff's timber, trees and underwood pursuant to California Civil Code § 3346;

    3.    For damages in an amount to be determined at trial against Defendants for damage to real and personal property and any interest allowable under the law;

    4.    For damages in an amount to be determined at trial against Defendants for the sum of reasonable administrative costs incurred as a result of the Thomas Fire and any interest allowable under the law;

    5.    For costs of this action; and

    6.    For such other and further relief as the Court deems just and proper.

Dated: December 3, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/
KEVIN B. FINN
Assistant United States Attorney

Attorneys for Defendant
United States of America

## DEMAND FOR JURY TRIAL

Plaintiff United States hereby demands a jury trial in this case.

Dated: December 3, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

   /s/
KEVIN B. FINN
Assistant United States Attorney

Attorneys for Defendant
United States of America